UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT STOLTZ,<br><br>  *Petitioner*,<br><br>vs.<br><br>D. W. NEVEN, *et al.*,<br><br>  *Respondents.* | Case No. 2:15-cv-00511-APG-VCF<br><br>**ORDER** |

This habeas action by a Nevada state inmate comes before the Court on petitioner's motion (ECF No. 27) to reconsider the prior order (ECF No. 6) denying his motion to appoint counsel.

The Sixth Amendment right to counsel does not apply in habeas corpus actions. *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes a district court to appoint counsel to represent a financially eligible habeas petitioner whenever "the court determines that the interests of justice so require." The decision to appoint counsel lies within the discretion of the court; and, absent an order for an evidentiary hearing, appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent a due process violation. *See, e.g., Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir.1986).

Again on reconsideration, the Court does not find that the interests of justice require the appointment of counsel herein. Petitioner asserts in the motion for reconsideration that the issues are complicated, that he has no legal qualifications, and that an individual that had been assisting him previously no longer is available to him. The Court took into account the issues presented in the case when it denied petitioner's motion for counsel after screening the petition. The Court did not find and

1  does not find again on reconsideration that the issues are of such complexity that appointment of
2  counsel is warranted. An inmate's lack of legal training alone is not a sufficient basis for appointing
3  counsel in a habeas matter. Nor does the alleged loss of prior access to a particular lay inmate assistant
4  constitute a sufficient basis for the Court appointing an attorney in his stead.

5        The motion for reconsideration therefore will be denied.

6        Petitioner filed only the pending motion for reconsideration without either responding to
7  respondents' pending motion to dismiss or seeking an extension of time to respond. The motion for
8  reconsideration did not relieve petitioner of the obligation to respond to the motion to avoid a possible
9  grant of the motion as unopposed. Out of an abundance of caution, the Court will allow petitioner thirty
10 (30) days from entry of this order within which to file a response to the motion to dismiss, which has
11 been pending without opposition for over six months.[1] No requests for further extension of time will
12 be considered except in the most extraordinary of circumstances. Further motions for reconsideration
13 or requests for extension based on substantially the same circumstances addressed herein shall not
14 constitute a basis for further extension of time. If petitioner does not timely respond to the motion to
15 dismiss within the time allowed by this order, the motion may be granted as unopposed at any time
16 thereafter without further prior notice.

17       **IT THEREFORE IS ORDERED** that petitioner's motion (ECF No. 27) to reconsider is
18 DENIED.

19       **IT FURTHER IS ORDERED** that petitioner shall have thirty (30) days from entry of this
20 order within which to file a response to respondents' motion (ECF No. 11) to dismiss.

21       DATED: October 6, 2016.

_____
ANDREW P. GORDON
United States District Judge

---

[1] Petitioner asserts that he did not personally receive the March 4, 2016, motion to dismiss at the prison until April 28, 2016. More than five months have passed since such date. Petitioner refers to a box of materials. A number of exhibits were filed with the motion consisting in the main of copies of prior state court records. The motion itself is twelve pages long.