# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ROBERT STOLTZ,

        *Petitioner*,

vs.

D. W. NEVEN, *et al.*,

        *Respondents*.

Case No. 2:15-cv-00511-APG-VCF

**ORDER**

This habeas matter under 28 U.S.C. § 2254 comes before the Court on respondents' motion (ECF No. 11) to dismiss and petitioner's second motion (ECF No. 31) for appointment of counsel. Respondents seek dismissal on a number of grounds, including untimeliness under 28 U.S.C. § 2244(d). The Court reaches only the timeliness issue on the motion to dismiss.

## *Factual and Legal Background*

Petitioner Robert Stoltz seeks, *inter alia*, to set aside his 1985 Nevada state conviction, pursuant to a guilty plea, of first-degree murder. Stoltz pled guilty to the murder of Van Merle Rountree on Christmas Day, December 25, 1983 in the course of robbery, by means of multiple blows to her head, neck and chest and by strangulation. (E.g., ECF No. 21-5, Exhibit 144, at 6.)[1] Pursuant to the plea negotiations, the State, *inter alia*, did not further pursue the death penalty. (*Id.*, at 2-3.) Stoltz is serving a sentence of life without the possibility of parole.

Because petitioner's conviction became final before the effective date of the Antiterrorism and Effective Death Penalty Act (AEDPA), the one-year limitation period for the filing of a federal habeas petition could begin to run – on a claim that otherwise would accrue prior to that time – only after April 24, 1996, the date on which the statute went into effect, and would expire, absent tolling or a different accrual date, one year later on April 24, 1997. *See, e.g., Gaston v. Palmer*, 417 F.3d 1030, 1033 (9th Cir. 2005).

---

[1] All page citations herein are to the CM/ECF generated electronic document page number in the page header, not to any page number in the original transcript or document, unless noted otherwise.

1 However, petitioner had a timely state post-conviction petition pending as of April 24, 1996. The federal limitation period accordingly was statutorily tolled during the pendency of this petition pursuant to 28 U.S.C. § 2244(d)(2). Such statutory tolling continued through the August 11, 1998, issuance of the remittitur following the state supreme court's order affirming the denial of state post-conviction relief. Accordingly, absent further tolling or delayed accrual, the federal limitation period would expire one year later on August 11, 1999. (ECF Nos. 22-18 to 24-12, Exhibits 177-211.)

Petitioner filed a second state petition prior to the issuance of the August 11, 1998, remittitur, but the Supreme Court of Nevada affirmed the dismissal of that petition as untimely. (ECF No. 24-13, Exhibit 212.) An untimely state petition does not statutorily toll the federal limitation period. *Pace v. DiGuglielmo*, 544 U.S. 408 (2005).

Petitioner filed no other state proceedings challenging his conviction or sentence until 2010.[2]

Accordingly, absent other tolling or delayed accrual, the federal limitation period expired on August 11, 1999. If petitioner fails to demonstrate a basis either for a different accrual date or for equitable tolling prior to the putative expiration of the federal limitation period on August 11, 1999, what transpired thereafter cannot render his March 15, 2015 federal petition timely, at least insofar as it might seek to challenge his 1985 conviction and sentence based on then-existing circumstances. *See, e.g., Rudin v. Myles*, 781 F.3d 1043, 1056 n.16 (9th Cir. 2015), *cert. denied*, 136 S.Ct. 1157 (2016)(a statute of limitations that already has run cannot be tolled thereafter).

### Discussion

**Timeliness of Ground 1**

The timeliness of each one of the two federal grounds, which seek different ends, is most efficiently addressed separately as to each ground.

In Ground 1, petitioner alleges that he was denied due process of law in violation of the Fourteenth Amendment when N.R.S. 213.085 allegedly was applied retroactively to his pre-enactment offense to bar him from eligibility for commutation in connection with October 29, 2008, and

---

[2]Petitioner's multiple petitions to the pardons board seeking commutation of his sentence did not statutorily toll the federal limitation period under § 2244(d)(2). *See, e.g., Malcolm v. Payne*, 281 F.3d 951, 960 (9th Cir. 2002)(petition that seeks executive or pardons board action such as a petition for clemency does not statutorily toll under § 2244(d)(2)).

September 10, 2013, denials of commutation. While petitioner alleges in Ground 1 that he entered a plea with the understanding that his life without sentence would be subject to possible commutation, the allegations of Ground 1 focus on the commutation decisions rather than upon the validity of the underlying conviction and sentence. Petitioner maintains in the final sentence of the ground that "the Nevada Board of Pardon must review Petitioner's sentence of life without the possibility of parole based on its merits and facts which would allow the Board to consider Petitioner's sentence to be commuted to a sentence without applying the applicability of NRS 213.085 to any factors in making their [decision] whether to commute Petitioner's sentence to a sentence which would allow parole." (ECF No. 7, at 8.)[3] Ground 1 thus challenges the pardon board's actions, not the conviction and sentence.

The accrual of a challenge to an executive or administrative decision is governed by § 2244(d)(1)(D), which provides that the "limitation period shall run from . . . the date on which the factual predicate of the claim or claims presented could have been discovered through reasonable diligence." *E.g., Redd v. McGrath*, 343 F.3d 1077, 1082-85 (9th Cir. 2003). The claim accrues with regard to a challenge to an executive or administrative decision when the petitioner could have learned of the factual basis for his claim through the exercise of reasonable diligence, *i.e*, when he could have learned through the exercise of reasonable diligence that the decision had become final, whether by the conclusion of an administrative appeal or otherwise. *See* 343 F.3d at 1084.

---

[3]N.R.S. 213.085(1) provides in pertinent part:

> 1. If a person is convicted of murder of the first degree before, on or after July 1, 1995, the Board shall not commute:
>
> . . . .
>
> (b) A sentence of imprisonment in the state prison for life without the possibility of parole,
>
> to a sentence that would allow parole.

N.R.S. 213.085 was enacted in 1995. Stoltz was convicted in 1985. The statute was amended in 2017, but the amendments are not pertinent to the issues currently before the Court. The effect of the 2017 amendments, to the extent applicable to an offense on a given date, turn upon whether the defendant was under 18 years of age at the time of the offense. The record herein reflects that Stoltz was 23 years old at the time of the murder. (See ECF No. 25-1, Exhibit 220, at 58.)

With regard to the October 29, 2008, commutation denial, it does not appear that there is an appeal or other administrative proceeding available as to that type of proceeding that would delay the finality of the decision. Petitioner does not maintain that there was any appreciable delay in his learning of the decision.[4]

Petitioner did not file any papers in any court thereafter until he filed a motion to correct illegal sentence in state district court more than two years later, on December 8, 2010. (See ECF No. 24-16, Exhibit 215.) Petitioner presents no viable argument tending to establish a basis for equitable tolling during any part of this two-year period, *i.e.,* tending to establish that he exercised reasonable diligence during this period but an extraordinary circumstance stood in the way of and prevented him from filing a timely federal petition challenging the October 29, 2008, commutation denial.[5] Absent a viable basis for either statutory or equitable tolling as to a challenge to that denial, the federal limitation period expired on or about October 29, 2009. Ground 1 therefore is time-barred to the extent that petitioner seeks to present a challenge to the October 29, 2008, commutation denial.

In contrast, following the September 10, 2013, commutation denial, petitioner filed a motion to correct illegal sentence in state district court five-and-a-half months later on February 24, 2014. State court proceedings were pending on the motion through an April 30, 2014, order denying the motion. Petitioner did not appeal the denial of the motion, and the time to do so expired on or about May 30, 2014. The pendency of proceedings on the motion statutorily tolled the limitation period on a challenge to the September 10, 2013, commutation denial under § 2244(d)(2). Petitioner also filed a state post-conviction petition in and around the same time, however, but the Supreme Court of Nevada held that

---

[4]See also ECF No. 25-1, Exhibit 220, at 60 (press report reflecting that petitioner was represented by counsel at the October 29, 2008, proceeding).

[5]See also note 9, *infra* (discussing petitioner's sundry tolling arguments in the context of a challenge to the 1985 conviction and sentence). Equitable tolling is appropriate only if the petitioner can show: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Equitable tolling is "unavailable in most cases," *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir.1999), and "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule," *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir.2002)(quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir.2000)). The petitioner ultimately has the burden of proof on this "extraordinary exclusion." 292 F.3d at 1065. He accordingly must demonstrate a causal relationship between the extraordinary circumstance and the lateness of his filing. *E.g., Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). *Accord Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1061 (9th Cir. 2007).

the petition was untimely. (ECF No. 26-22, Exhibit 261.) An untimely state petition does not statutorily toll the federal limitation period under § 2244(d)(2). *Pace, supra.* More than a year in the aggregate elapsed before the March 15, 2015, constructive filing of the federal petition during which petitioner did not have a timely and thus properly filed state court proceeding pending that tolled the limitation period under § 2244(d)(2).[6] Petitioner presents no viable argument tending to establish a basis for equitable tolling for this more than one-year period, under the standards referenced above. Ground 1 therefore is time-barred also to the extent that petitioner seeks to challenge the September 13, 2013, commutation denial.

Ground 1 additionally is time-barred even if the Court were to read the ground as challenging the underlying conviction and sentence. If, as petitioner alleges in the ground, the October 29, 2008, commutation denial was based on N.R.S. 213.085, allegedly then undercutting his expectation of possible commutation availability at the time of the guilty plea, he was on notice as to the existence of a claim on that basis at least as early as that time. As discussed above, however, he filed no proceedings in any court for over two years after that commutation denial; and he has presented no viable equitable tolling argument for that period prior to the putative expiration of the limitation period on or about October 29, 2009. Ground 1 thus would be untimely even if construed as a challenge to the conviction and sentence.[7]

Ground 1 therefore is untimely in all respects.

---

[6] 163 days elapsed between September 13, 2013, and February 24, 2014; and 288 days elapsed between May 30, 2014, and March 15, 2015, for a total of 451 days not subject to statutory tolling.

[7] In truth, Stoltz raised a challenge to the retroactive application of this provision to his case in his first state petition in the 1990's. (E.g., ECF No. 22-18; Exhibit 177, at 10.) This is not necessarily a claim of which he had not become aware, and which did not accrue, until the 2000's as a challenge to the conviction. The Supreme Court of Nevada held at the time that N.R.S. 213.085 did not apply retroactively to his case. (ECF No. 24-11, Exhibit 210.)

Indeed, there would appear to be a substantial question (albeit not one that goes to timeliness) as to whether N.R.S. 213.085 played any part in actual fact in the October 29, 2008, and September 13, 2013, commutation denials. As discussed *infra* as to Ground 2, the October 29, 2008, commutation denial appeared to have been based upon an entirely different state statute. And the September 13, 2013, notice of commutation denial makes no reference to N.R.S. 213.085 and instead would appear to have been a discretionary rather than a mandatory denial. (ECF No. 7, at 70.) In all events, however, the ground as alleged, whether those allegations might have any connection with actual fact or not on the merits, is time-barred.

***Timeliness of Ground 2***

In Ground 2, petitioner alleges that he was denied due process of law in violation of the Fourteenth Amendment when he was denied commutation and an opportunity for parole consideration on September 10, 2013, based on N.R.S. 213.1099(4)(e),[8] because he was on probation for another offense at the time of the murder, such that his guilty plea, based upon his understanding that his life without sentence was subject to possible commutation and parole, should be vacated. He seeks an order either vacating his plea, conviction and sentence or in the alternative modifying his sentence to one permitting parole consideration. (ECF No. 7, at 10-12.)

The record reflects, however, that petitioner was on notice that the state pardons board was denying him consideration for commutation and parole on the basis of N.R.S. 213.1099 at least *five years earlier*, at the time of his *October 29, 2008*, commutation and parole denial. (See, e.g., ECF No. 24-16, Exhibit 215; ECF No. 25-1, Exhibit 220, at 5 & 60-61.)

Accordingly, Ground 2, which is a challenge to petitioner's 1985 conviction and sentence, could have accrued under § 2244(d)(1)(D) no later than on or about October 29, 2008, *i.e.*, "the date on which the factual predicate of the claim . . . could have been discovered through reasonable diligence."

As discussed previously as to Ground 1, petitioner took no action, in any court, for over two years thereafter. Petitioner presents no viable argument for equitable tolling during that period prior to the putative expiration of the federal limitation period on this claim on or about October 29, 2009.[9]

---

[8] N.R.S. 213.1099(4) provides in pertinent part, with the relevant language having been added to the statute by Nevada Laws 1981, p. 871, ch. 450, § 1:

> 4. Except as otherwise provided in NRS 213.1215, the Board may not release on parole a prisoner whose sentence to death or to life without possibility of parole has been commuted to a lesser penalty unless the Board finds that the prisoner has served at least 20 consecutive years in the state prison, is not under an order to be detained to answer for a crime or violation of parole or probation in another jurisdiction, and does not have a history of:
>
> . . . . .
>
> (e) Failure in parole, probation, work release or similar programs.

[9] Petitioner's tolling arguments all beg the question. Petitioner urges that his plea was not entered into knowingly, intelligently, and voluntarily such that he can demonstrate cause and prejudice to overcome any procedural
(continued...)

Ground 2 therefore also is untimely. The two-ground petition accordingly will be dismissed with prejudice as untimely under § 2244(d). The Court accordingly has no occasion to reach the remaining issues raised by the motion to dismiss.

**Second Motion for Counsel**

Including petitioner's motion for reconsideration from the denial of his first motion for counsel, petitioner has requested counsel three times.

The Court, once again, finds that the interests of justice do not warrant the appointment of counsel herein, for the reasons previously assigned. (ECF No. 28, at 1-2.) With particular respect to the issues presented on the motion to dismiss, petitioner has not presented any potentially viable bases for overcoming the untimeliness of the petition that potentially would require the appointment of counsel to develop factually. The motion therefore will be denied.

---

⁹(...continued)
deficiencies. Cause and prejudice pertain to overcoming a procedural default in the state courts, not timeliness of a federal petition under § 2244(d); and petitioner's argument in any event goes to the merits. Petitioner cannot bootstrap his way around a procedural deficiency, of any type, simply by arguing the merits. Petitioner further urges that he did not file a direct appeal, in 1985, because he allegedly was not properly advised and informed at that time. The circumstances surrounding petitioner's direct appeal – over a decade prior even to the passage of AEDPA – have nothing to do with petitioner's failure to timely seek federal habeas relief decades later prior to putative August 11, 1999, and October 29, 2009, expiration dates, as to claims that further are unrelated to the failure to file a direct appeal in 1985. *See also Randle v. Crawford*, 604 F.3d 1047, 1057-58 (9th Cir. 2010)(counsel's failure to file a direct appeal did not prevent the petitioner from filing a timely federal petition and did not provide a basis for equitable tolling). The failure to file a direct appeal simply is irrelevant to any viable argument for equitable tolling as to the claims presented in this case. Petitioner further contends that he cannot be held to the limitations of a timely filing "when the factual and legal basis for any challenge to his conviction lay dormant and hidden until he tried to obtain commutation." (ECF No. 29, at 3-4.) Over and above the fact that petitioner has been trying to obtain commutation since the late 1980's, the Court allowed for an allegation that petitioner did not learn of this specific basis for denying commutation until later when it applied the October 29, 2008, accrual date to Ground 2 under § 2244(d)(1)(D). Even with that later accrual date, the claim is untimely, for the reasons discussed in the text. Petitioner's argument also that § 2244(d) does not apply to his petition is meritless. *See, e.g., Shelby v. Bartlett*, 391 F.3d 1061, 1063-65 (9th Cir. 2004).

The Court's assumption that Ground 2, as a challenge to the conviction, arguably accrued on October 29, 2008, when the pardons board denied relief on the basis of N.R.S. 213.1099, does not constitute a foregone conclusion. While the Court has treated the board's action on this basis as a factual predicate for the claim, one instead could argue that petitioner's ineligibility for consideration for parole under this provision instead simply was a legal consequence of his already known prior criminal history that in truth was operative all the way back to his 1985 conviction. *See, e.g., Hasan v. Galaza*, 254 F.3d 1150, 1154 n. 3 (9th Cir. 2001)(federal limitation period begins to run under § 2244(d)(1)(D) when the petitioner could learn through reasonable diligence the important *facts*, not when he recognizes their legal significance). Under that view, the federal limitation period expired on Ground 2 at the end of the last century, on August 11, 1999, per the analysis in the factual and legal background section of this order. Petitioner presents no viable argument establishing a basis for equitable tolling prior to the expiration of the limitation period on that date.

**IT THEREFORE IS ORDERED** that respondents' motion (ECF No. 11) to dismiss is **GRANTED** and that this action shall be **DISMISSED** with prejudice as untimely.

**IT FURTHER IS ORDERED** that a certificate of appealability is **DENIED** as reasonable jurists would not find the district court's dismissal of the petition for untimeliness to be debatable or wrong, for the reasons discussed herein.

**IT FURTHER IS ORDERED** that petitioner's motion (ECF No. 31) for appointment of counsel is **DENIED**.

The Clerk of Court shall enter final judgment accordingly, in favor of respondents and against petitioner, dismissing this action with prejudice.

Dated: September 25, 2017.

_____
ANDREW P. GORDON
United States District Judge